OPINION
Defendant-appellant Lee Roy Williams appeals his conviction and sentence from the Stark County Court of Common Pleas on one count of possession of cocaine in violation of R.C. 2925.11(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On July 7, 1998, the Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C.2925.11(A), a felony of the fifth degree. At his arraignment on July 17, 1998, appellant entered a plea of not guilty to the charge contained in the indictment. The Bill of Particulars, which was filed on August 3, 1998, indicated that appellant, on or about May 24, 1998, had knowingly obtained, possessed and/or used .17 grams of crack cocaine. A jury trial commenced on November 9, 1998. The following evidence was adduced at trial. On May 24, 1998, at approximately 11:52 P.M. Patrolman William Morris of the Alliance Police Department was sitting in a marked cruiser in the area of the Amtrack Station when he saw a vehicle make a turn into the parking lot of a bar without signaling. The parking lot is in a known area of high drug trafficking. For such reason, Morris activated his cruiser's red lights and initiated a traffic stop of the car, which was driven by appellant. After the vehicle was stopped, appellant exited the car and started walking in a hasty manner towards the rear of the car. Morris, who told appellant to stay near the rear of his vehicle, testified that appellant "was very nervous, a lot of movement, moving around his hands, going towards his pockets." Transcript of Proceedings at 65. Morris also stated that he had to tell appellant to put his hands on the trunk of the car three or four times before appellant complied. The car was registered to the wife of the known crack cocaine user who commonly loaned his car out to other users in exchange for crack. After patting appellant down for safety, Patrolman Morris found two crack pipes wrapped in a handkerchief in appellant's left rear pocket. Appellant, Morris testified, was acting very excited, active, fidgety and nervous, which Morris stated was consistent with someone under the influence of crack cocaine. When another officer, Patrolman Douglas Neeb, arrived at the scene to provide backup, the two arrested appellant, whose driver's license was under suspension, and inventoried appellant's vehicle. The vehicle inventory yielded two rocks of crack cocaine, one on the passenger seat in plain view and the other on the driver's side floorboard. Morris testified that appellant admitted that the crack pipes were his but denied ownership of the crack cocaine. Appellant admitted in his testimony that he had used one of the crack pipes to smoke cocaine earlier that day and that he would have smoked the crack cocaine in the car had he known it was there. One of the pipes tested positive for crack cocaine residue while the other did not. At the conclusion of the evidence and testimony, the jury found appellant guilty of possession of cocaine in violation of R.C.2925.11(A). A Judgment Entry memorializing appellant's conviction was filed on November 13, 1998. On December 9, 1998, appellant was sentenced to prison for a period of nine (9) months. A Judgment Entry memorializing appellant's sentence was filed on December 11, 1998. It is from his conviction and sentence that appellant prosecutes this appeal, raising the following assignment of error:
 THE APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
 I
In his sole assignment of error, appellant asserts a claim of ineffective assistance of counsel. The following facts, most of which are not contained in the statement of facts above, are relevant to appellant's claimed assignment of error. Appellant was indicted for possession of cocaine in violation of R.C.2925.11(A). Such section states that no person shall knowingly obtain, possess or use a controlled substance. On the morning of the trial, prior to the voir dire, defense counsel made an oral motion for the State to clarify that it was only prosecuting appellant for knowingly possessing cocaine and not for using cocaine, arguing that there "[was] no evidence, whatsoever, on the date in question that he used cocaine." Transcript of Proceedings at 6. After the State responded that, based on the indictment and the Bill of Particulars, it would attempt to prove either use or possession of cocaine, the trial court overruled appellant's oral motion. After the State rested, defense counsel moved for judgment of acquittal on the charge that appellant had used cocaine and on the possession charge. With respect to the charge of possession, appellant's counsel argued that any residue on the crack pipe in and of itself would not be sufficient evidence of possession. As to the charge that appellant had used crack cocaine, appellant's counsel argued that no rational trier of fact could find proven beyond a reasonable doubt that appellant had used crack cocaine on May 24, 1998. With respect to appellant's motion for acquittal as to the possession charge, the court held as follows: "And the court will grant the motion relative to arguing that in and of itself any residue on the crack pipes is a basis for conviction without regard to the rocks of crack cocaine. However, you may argue on the inferences that may be drawn from that." Transcript of Proceedings, at 97. After the trial court denied appellant's motion for acquittal as to the charge that appellant had used crack cocaine, appellant's counsel made the following statement to the court when asked whether appellant was going to take the stand: "I am going to put it on the record that, based upon the Court's ruling, he is about to take the witness stand and confess to use, which means he will be convicted. That's the whole problem with this case."
Transcript of Proceedings at 99. Appellant then took the stand and testified that he had smoked crack cocaine that day, but denied that the rocks of cocaine found in the car were his. Subsequently, after the defense rested, appellant's trial counsel renewed his previous motion for acquittal on the charge of use of cocaine arguing that "I am going to renew my motion. Obviously, if you give them use, put in on or about that day, you are directing a verdict of guilty in this case." Transcript of Proceedings at 109. The motion once again was denied by the trial court. Thereafter, the trial court instructed the jury on both "possession" and "use" and that if they found that the State had proved its case beyond a reasonable doubt, they were to find appellant guilty of possession of cocaine in violation of R.C. 2925.11(A). The jury returned with a guilty verdict. Based upon the above facts, appellant specifically contends that he was denied the effective assistance of counsel since, after his trial counsel conceded to the trial court that appellant would be convicted if called as a witness, the same counsel proceeded to call appellant as a witness and to elicit testimony from appellant that he had smoked crack cocaine on May 24, 1998. A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, State v. Bradley (1989), 42 Ohio St.3d 136. Both prongs must be met in order to find ineffective assistance of trial counsel. This court need not determine whether trial counsel's performance was deficient before considering the prejudice suffered by the defendant as a result. Strickland, supra. at 697. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case. While appellant argues that his trial counsel was ineffective in calling him to testify at trial, appellee contends that trial counsel's decision to call appellant to testify was a matter of trial strategy and, as such, cannot be regarded as ineffective assistance of counsel. However, since, as is discussed below, appellant has not met the second prong of the Strickland test, we need not determine whether trial counsel's performance was deficient. Assuming, arguendo, that appellant's trial strategy was ineffective, we find that appellant has failed to demonstrate that he was prejudiced by trial counsel's alleged errors. There is not a reasonable probability that but for trial counsel's errors, the result of the trial would have been different. Disregarding appellant's testimony, there was overwhelming evidence that appellant was guilty of possession of the cocaine found in the car. Appellant, who was stopped by police in a high drug use area at approximately 11:50 P.M., was driving a car registered to the wife of a known crack cocaine user who commonly loaned out his car to other users in exchange for crack. Appellant was alone in the vehicle. The pat down of appellant for safety purposes yielded two crack pipes wrapped in a handkerchief in appellant's pocket, one which yielded traces of crack cocaine. Moreover, two rocks of crack cocaine were discovered during an inventory of the vehicle, one on the passenger seat in plain view and the other on the driver's side floorboard. Furthermore, Officer Neeb testified that appellant, who was excited and nervous, exhibited the characteristics of someone under the influence of crack cocaine. Based on the foregoing, we find that appellant has failed to meet the second prong of Strickland test for ineffective assistance of counsel since there is not a reasonable probability that the result of appellant's trial would have been different but for trial counsel's alleged errors. Since appellant has failed to demonstrate that he was denied effective assistance of counsel, appellant's sole assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Farmer, J. concur